# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1319V

|  |  |
|---|---|
| BRITTANY MORELAND, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 31, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 28, 2018, Brittany Moreland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of an influenza ("flu") vaccine received on October 16, 2017. Petition, ECF No. 1 at 1. On September 2, 2022, I issued

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

a decision awarding compensation to Petitioner,[3] following briefing and expedited Motions Day argument by the parties. ECF No. 78.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $125,173.46 (representing $120,573.80 in fees and $4,599.66 in costs). Petitioner's Application for Attorneys' Fees and Costs, April 10, 2023, ECF No. 82. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on June 8, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 83.

On June 9, 2023, Petitioner filed a reply, criticizing Respondent's lack of a specific response to his motion and reiterating that she is entitled to an award of attorney's fees and costs. Petitioner's Reply to Respondent's Response to Petitioner's Application for Fee and Costs. ECF No. 84. Petitioner insists that "Petitioner's counsel has accurately recorded the time spent on this case and has filed receipts for documenting the litigation expenses incurred." *Id.* at 1.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to

---

[3] This Decision was issued after I granted a motion for reconsideration of an earlier Decision filed on June 28, 2021, at ECF No. 63. Petitioner's Motion for Reconsideration, filed July 19, 2021, ECF No. 64; Order, issued July 20, 2021, ECF No. 66 (granting Petitioner's motion and allowing the parties to address further the matter raised by Petitioner).

reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 82-1. Petitioner has also requested 2023 attorney hourly rates as follows: $463 for work performed by Leah Durant - representing a rate increase of $22. *Id.* at 17-18. Additionally, Petitioner requests an hourly rate of $181 for paralegal work performed in 2023. *Id.* I find these hourly rates to be reasonable.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Sept. 9, 2020, ECF No. 39 (reporting an impasse in damages discussions); Petitioner's Brief on Damages, filed Mar. 8, 2021, ECF No. 47; Petitioner's Reply to Respondent's Response to Petitioner's Brief on Damages, filed May 26, 2021, ECF No. 60; Hearing Minute Entry, dated May 28, 2021 (regarding the May 28, 2021 hearing). Petitioner's counsel expended approximately 41.5 hours drafting the damages brief and 7.0 hours drafting the responsive damages brief, totaling 48.5[4] hours. ECF No. 82-1 at 9-12.

---

[4] These totals are calculated as follows: 10.5 hours billed on 3/8/21, 5/14/21, and 5/26/21 by Leah Durant at a rate of $420 and 38.0 hours billed on 2/18/21, 2/22/21, 2/24/21, 2/25/21, and 3/1/21 by Christopher Williams at a rate of $325.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 8.5 hours – and I am therefore awarding fees associated with that task in full.[5] Nor am I counting time spent communicating with Petitioner, preparing additional supporting documentation such as affidavits or signed declarations, participating in the Expedited Motions Day hearing, or working on the motion for reconsideration, which is also being awarded in full. *See*, e.g., ECF No. 82-1 at 10, 12 (first entry dated 4/28/21 and second entry dated 5/27/21).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7] *See*, e.g., *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

---

[5] This time was billed by Mike Milmoe in 2018, using an hourly rate of $455, by Summer Abel in 2019, using an hourly rate of $250, and by Leah Durant in 2019, using an hourly rate of $380, resulting in $3,065.00 in attorney's fees. ECF No. 82-1 at 2, 5.

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

The circumstances of this case did not warrant devoting so much time to the damages briefing. The primary areas of dispute involved the appropriate amount of compensation for Petitioner's lost wages and past pain and suffering. *See Moreland v. Sec'y of Health & Hum. Servs.,* No. 18-13191V, 2022 WL 10469047, at *2-5, 15-16 (Fed. Cl. Spec. Mstr. Sept. 2, 2022). The parties' views differed by $70,000.00 - Petitioner sought $130,000.00, and Respondent countered with $40,000.00 to $60,000.00. *Id.* I ultimately awarded the amount for pain and suffering much closer to that proposed by Respondent ($75,000.00), finding the prior damages decisions he cited to be better comparison, and did not award any amount for lost wages – further underscoring the extent to which Petitioner's efforts in this behalf had a futile quality (since I ultimately found the request for lost wages and higher pain and suffering figure was not adequately defended).

Of course, having prevailed in this case, a fees award is generally appropriate. *See Moreland,* 2022 WL 10469047, at *16. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 48.5 hours, or $16,760.00)** by *thirty percent.* Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $5,028.00.**[9]

## ATTORNEY COSTS

Petitioner requests $4,599.66 for attorney's costs. ECF No. 53-2. Petitioner has provided supporting documentation for all claimed costs. *Id.* at 2-19. Additionally, the hourly rate ($375) and number of hours billed by Petitioner's expert are reasonable. *Id.* at 16-18. And Respondent offered no specific objection to the rates or amounts sought.

---

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: (10.5 x $420 x. 30) + (38 x $325 x .30) = $5,028.00.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$120,145.46 (representing $115,545.80 in fees and $4,599.66 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leah VaSahnja Durant.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.